UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN D. AGOSTINI, et al.,<br><br>    Defendants. | No. 2:18-cv-3044 WBS AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is incarcerated at the El Dorado County Jail, has filed a putative pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The court has twice informed plaintiff that, to proceed with this case, he must submit a completed in forma pauperis application and a copy of his inmate trust account statement. See ECF Nos. 3, 8. The order filed December 20, 2018 informed plaintiff that "[f]ailure to comply with this order will result in a recommendation that this action be dismissed without prejudice." ECF No. 8 at 2. Thereafter, plaintiff again filed an incomplete application to proceed in forma pauperis – it did not include a completed certification or a copy of his trust account statement. ECF No. 11.

Plaintiff's failure to abide by the court's orders supports dismissal of this action under both the Local Rules and Federal Rules of Civil Procedure. Local Rule 110 provides that failure to comply with court orders or rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Similarly, the Federal

1

Rules of Civil Procedure authorize dismissal of an action for failure to prosecute or to comply with the rules or orders of the court. See Fed. R. Civ. P. 41(b).

Moreover, review of plaintiff's complaint demonstrates that it fails to state a cognizable claim. The court must dismiss a complaint brought by a prisoner if it raises claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from an immune defendant. See 28 U.S.C. § 1915A. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Here plaintiff seeks a total of 10 million dollars in damages for "violation of sanctity of personal thoughts, intellectual property rights by continued use of remote neural monitoring devices, drones, nanobot technology . . . false arrest and prosecution."[1] ECF No. 1 at 4. Plaintiff alleges, inter alia, that defendant Sheriff D'Agostini "has illegally implemented use of U.S. Department of Defense technology, 'remote neural monitoring' on my person, in violation of U.S. Constitutional protections, Geneva Convention and Human Rights as codified by the United Nations and World Court." Id.

Such allegations and putative claims have routinely been dismissed by the federal courts as noncognizable. See e.g. Banks v. Pivnichny, 2015 WL 3936821, at *5, 2015 U.S. Dist. LEXIS 83594, at *11-2 (D. Idaho 2015) (collecting cases).

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second application to proceed in forma pauperis, ECF No. 11, be denied as incomplete.

2. This action be dismissed without prejudice for failure to state a cognizable claim.

3. Plaintiff's miscellaneous motions, ECF Nos. 7, 9, & 10, be denied as moot.

4. The Clerk of Court be directed to close this case.

////

---

[1] Plaintiff has attempted to challenge his arrest and prosecution in other actions filed in this court. See e.g. Craig v. Cissna et al., Case No. 2:18-cv-2505 MCE AC PS; Craig v. El Dorado County Jail, Case No. 2:18-cv-02216 JAM KJN P; Craig v. D'Agostino [sic], Case No. 2:18-cv-02826 KJM DB P.

2

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 16, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE